

1740 Broadway          T: 212.468.4800          www.dglaw.com
New York, NY 10019    F: 212.468.4888

Direct Dial: 212.468.4822
Email: hrubin@dglaw.com

September 18, 2018

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:   Crispin Porter & Bogusky LLC et al. v. Watson (1:18-mc-00384-VSB)
      Request for Adjournment of Petitioners' Motion

Dear Judge Broderick:

This firm represents the Petitioners in the above referenced case, who are the Defendants in the case filed in the federal court in Colorado. Petitioners object to the Respondent's request to adjourn its motion to wait for a decision by the court in Colorado. Indeed, for the reasons described below, Petitioner's reply brief in Colorado will explain why that court should wait for a decision by Your Honor.

First and foremost, Respondent does not challenge the fact that he signed an employment contract to be the Chief Creative Officer in Petitioner Crispin Porter & Bogusky LLC's ("CP+B") Colorado office. Nor does he challenge the fact that that contract has an arbitration clause that directs that arbitration of any disputes arising in connection with Respondent's employment take place before JAMS in New York. Nor does he challenge the fact that the arbitration clause covers all of the Petitioners and all of the causes of action in the case. And he does not challenge the fact that the contract he signed specifically listed sexual harassment as one of the grounds for cause and that the company fired him for sexual harassment. (Of course he argues that he did not commit sexual harassment which is an issue that the arbitrator will have to resolve at the appropriate time.) Rather, his only argument is that the contract itself contains clauses that limit the liability of the company in the event of a termination for cause, and that such clauses render the arbitration provision unenforceable.

Instead of bringing this case in arbitration where it would move ahead quickly toward a resolution, Respondent filed a case in federal court in Colorado. Petitioners (Defendants in the Colorado action) filed a motion in Colorado to dismiss the case, or, in the alternative, to stay the case and compel arbitration. Counsel for Respondent (Plaintiff

DAVIS & GILBERT LLP

September 18, 2018
Page 2

in the Colorado action) then sent Petitioners' counsel a letter threatening Rule 11 sanctions because the contract said that "Suits to compel or enjoin arbitration or to determine the applicability or legality of arbitration shall be brought in the United States District Court for the Southern District of New York…" He also said Petitioners could be sanctioned if we persisted with the motion to compel, since the law in the 10th Circuit is that that court could not compel arbitration in another jurisdiction. We did not agree that our motion was a "suit" controlled by that clause in the contract, nor that it was sanctionable to make the motion to compel since the courts in the 10th Circuit simply decline to compel if that motion is made. However, we did not want to get into a fight about Rule 11, so we suggested that we just ask the court in Colorado to stay the case while a motion was made in New York, where Respondent said it should be made and where the motion to compel could be made. Respondent refused that offer, so Petitioners amended the motion in Colorado to remove the request for the court to compel arbitration and made the Petition in the Southern District of New York as Respondent's counsel told us we were required to do. The Petition before Your Honor is the only motion that covers all of the issues between the parties, and now Respondent is asking that Your Honor adjourn the hearing on the Petition so that the Colorado court, which does not have the authority to compel arbitration, can hear the issues regarding arbitrability there first.

Respondent's rationale for that request, as quoted on page 2 in his letter, is that "[i]n considering a stay of this action, [a Colorado] Court must SPECULATE as to whether there is some probability that a court in [another jurisdiction] would compel arbitration." (CAPS added). That seems to us to be exactly backwards because there is no reason why a court in Colorado should speculate about what the court in New York would decide—where the contract states that New York law applies and provides for any motion to be heard in New York—when there is a motion pending in New York which would end all of the speculation. All the Colorado court needs to do—as we will ask it to do in our reply due on September 24—is to wait for the New York court to decide and all of the speculation and all of this motion practice will be over and the case can proceed on the merits in the appropriate forum.

Finally, and with respect to Respondent's complaint that Petitioner did not raise Respondent's arguments in its motion in Colorado, or Petition here, before Respondent had made them, we have two responses. First, the movant is not required to raise the other party's points—that is what the answering brief is for, and then the movant responds after the arguments have been made to the court. Second, the law in New York is clear that in a case like this, where a claim is subject to a valid arbitration clause, and a party challenges the validity of a contractual provision *outside* the arbitration clause, that challenge must be decided by the arbitrator and not by the court. (Rompalli v Portanova, 2010 U.S. Dist. Lexus 58289* SDNY May 5, 2010). Here, the limitations on liability that Respondent is challenging apply—and will remain valid or not—in both court and arbitration. They do not relate to Respondent's arbitration clause specifically. Under New

1927032.1 06928-0123-000

DAVIS & GILBERT LLP

September 18, 2018
Page 3

York law, an unconscionable agreement is voidable, not void. (King v. Fox 7 N.Y. 3d 181, 191 (2006). New York law further provides that a challenge to the validity of a contract containing an arbitration clause must be arbitrated, not decided by the Court, when the contract is merely voidable. (Rompalli supra) (citing Denney v BDO Seidman , LLP, 412 F. 3d 58, 67-68 (2d Cir. 2005)). Moreover, New York courts routinely find that liability and damages limitations in a contract when negotiated by sophisticated parties (which surely applies in this case) are not unconscionable and in fact are enforceable. Process Am., Inc v. Cynergy Holding, LLC, 839 F.3d 125 (2d Cir. 2016); Media Glow Dig., LLC v. Panasonic Corp., U.S. Dist. LEXIS 80097 (S.D.N.Y. May 11, 2018).

Therefore, Petitioner respectfully requests that this court deny Respondent's request to adjourn the hearing of this Petition and delay it until the Court in Colorado renders a decision.

Respectfully submitted,

 s/ Howard J. Rubin
Howard J. Rubin
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019
Telephone: (212) 468-4800
Email: hrubin@dglaw.com
Attorneys for Petitioners

DAVIS & GILBERT LLP

1927032.1 06928-0123-000